UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANGEL AGUIRRE, | ) No. CV 10-09831-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1.  Whether the Administrative Law Judge ("ALJ") properly

```
                rejected the opinion of the long time treating mental health
                professionals and portions of the consultative examiner's
                opinion.
```
(JS at 3.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE ALJ'S REJECTION OF THE OPINION OF PLAINTIFF'S TREATING**

**PSYCHIATRIST CANNOT BE SUSTAINED BASED UPON**

**THE REASONS OFFERED IN THE DECISION**

As set forth in the parties' "Summary of the Case," Plaintiff's application for Disability and SSI was initially rejected following an August 15, 2007 hearing before an ALJ. (AR 490-504.) The unfavorable decision finding Plaintiff not be disabled was issued on August 23, 2007. (AR 28-37.) Ultimately, the Appeals Council issued a remand order. (AR 52-54.) This resulted in a second hearing for a new ALJ (AR 505-526), and an unfavorable decision by that ALJ (AR 14-20).

The order of the Appeals Council did not require further evaluation of Plaintiff's mental health issues, and consequently, in the second decision, the ALJ adopted the rationale from the prior decision, and thus provided no further discussion as to Plaintiff's mental health. (See AR at 18.) Consequently, the Court will review the first decision to determine whether the ALJ adequately assessed the mental health evidence. For the reasons to be set forth, the

Court concluded that he did not.

In the first decision, the ALJ reviewed Plaintiff's mental health history, noting that Plaintiff had received a consultative psychological examination ("CE") from Dr. Brawer on July 19, 2006. (AR 35, 115-121.)  The ALJ also briefly summarized a Mental Impairment Questionnaire of July 10, 2007, which was described as a "form ... completed by the nurse and signed by the psychiatrist." (AR 35, 392-397.)  Finally, the ALJ noted that Dr. Dudley, a State Agency psychiatrist, had reviewed the evidence and come up with an analysis of Plaintiff's mental functional abilities.  The ALJ concluded that he would "give[s] weight to these opinions as they are supported by the objective medical evidence of record (SSR 96-6p)." (AR 36.)  Based on the context of the decision, the Court perceives that the ALJ determined to give weight to the opinions of the CE and of the State Agency psychiatrist, and to essentially reject the opinion of the treating psychiatrist, Dr. Baig.

The Court must discern from the ALJ's decision why he determined to reject the opinion of Dr. Baig.  The first apparent reason is that the ALJ perceived that the Mental Impairment Questionnaire was completed by the nurse and only signed by the psychiatrist.  Indeed, the Commissioner amplifies on this point in his portion of the JS in arguing that the Questionnaire is essentially the opinion of the nurse, and not that of the psychiatrist.  As such, the Commissioner argues that the ALJ was entitled to give it less weight.  The Court will address this concern, infra.  In addition, it appears that the ALJ perceived that the patient's "case manager," who was apparently the same person as the nurse who was involved in the Questionnaire, was an advocate for Plaintiff in his Social Security case because the

ALJ read the record as indicating, in his words, that, "The case manager visited the office of the claimant's attorney to 'strategize' for the claimant's hearing [citing AR at 347]." (AR 35.)

The ALJ reported that there were differences between the conclusions of the treating psychiatrist in the Questionnaire and that of the CE on issues such as Plaintiff's memory and concentration. (AR 36.)

Finally, the ALJ provided an overall basis for rejecting Dr. Haig's opinion because it was "not supported by, and is contradicted by, the objective medical evidence of record, including the mental health treatment notes." (AR 36.) No discussion whatsoever is provided, however, as to what those contradictions are, and thus, the Court is left with a bare conclusion which, as will be discussed, provides no basis for review.

First, the Commissioner is incorrect in citing 20 C.F.R. §§ 404.1513 and 416.913 for the proposition that because a nurse or case manager was involved in preparing an evaluation signed by a psychiatrist, that evaluation is entitled to less weight, because it is not, effectively, the evaluation of the psychiatrist, in this case, the treating psychiatrist, Dr. Baig. These regulations do not stand for that proposition, and moreover, there is no reported case of this Court is aware which would support that claim. As such, the opinion set forth in the Questionnaire must be viewed as those of the treating psychiatrist, Dr. Baig.

The ALJ, and also the Commissioner, seem to believe that Dr. Baig's opinion should also be depreciated because the case manager was biased, and acting as an advocate for Plaintiff. To support this, the ALJ and the Commissioner both point to Progress Notes of July 3, 2007,

4

apparently prepared by the case manager, which reference the upcoming hearing on August 15, 2007 before the ALJ. Indeed, as noted, the ALJ put quotes around the word "strategize," apparently believing that this word was contained in the Progress Notes. It is not. Moreover, a fair reading of the Progress Notes simply indicates that the case manager wanted to make sure that all relevant records needed by Plaintiff's attorney would be provided for use at the hearing. Certainly, neither the ALJ or the Commissioner would dispute that full and complete records should be provided so that a correct and adequate evaluation can be made of a Plaintiff's mental health condition. Moreover, in the context of the Progress Notes, the Court finds absolutely nothing wrong with the fact that the case manager helped to prepare Plaintiff to appear at a hearing. This is especially true in a case such as this, where even the ALJ found that Plaintiff suffers from severe impairments of depression/anxiety (AR 30), and has moderate difficulties with concentration, persistence or pace. (AR 31.) It cannot be disputed that even a person without depression or anxiety may experience such things as increased anxiety when preparing for a stressful hearing. Thus, as a part of Plaintiff's mental health treatment, the Court cannot fault his treating professionals with preparing him to be able to undergo the stress of an administrative hearing. In no manner do the records, however, indicate that the case manager was biased because she might have been acting as an advocate for Plaintiff. Helping an individual to mentally prepare for the stress of the hearing, and be able to adequately testify and describe their condition, does not constitute the type of advocacy which would render that mental health professional biased.

Turning to other issues, the ALJ's reliance on the State Agency

1  psychiatrist cannot be sustained, because there is an indication in
2  the record that this psychiatrist did not examine any of Plaintiff's
3  treatment records. ("There are no psychiatric treatment notes for
4  review, so a CE was purchased for this case." [AR 114.])  Further,
5  while seemingly aware of the existence of treating psychiatrist, the
6  State Agency psychiatrist did not obtain, or perhaps was unable to
7  obtain, further information. ("The claimant is prescribed psychotropic
8  medications by his [sic] current treating source who has not
9  responded." [Id.])

Thus, what is left is the ALJ's statement that the treating psychiatrist's assessment is not supported by and is contradicted by "the objective medical evidence of record, including the mental health treatment notes."  This type of a generic and conclusory evaluation does not even approach the "specific, legitimate reasons" which must provided in an ALJ's decision so that the Court can conduct an adequate review. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  The Commissioner's multi-page explanation of what the ALJ might have meant by this conclusory statement in his decision is simply a post-hoc evaluation which this Court will not give credence to, because it is the decision which must be reviewed, not the Commissioner's interpretation of it.

For the foregoing reasons, the decision of the Commissioner is reversed, and this matter will be remanded for further hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED**.

DATED: December 1, 2011             /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE